854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Eugene MILLER, Plaintiff-Appellant,
v.
Edward MURRAY, Virginia Department of Corrections, Robert
Vassar, Virginia Parole Board, Defendants-Appellees.
 No. 87-7385.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 15, 1988.
Decided July 25, 1988.
 
 Michael Eugene Miller, appellant pro se.
 Before K.K. HALL, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Eugene Miller, a Virginia inmate, filed suit under 42 U.S.C. Sec. 1983 seeking dismissal of his parole violation conviction and damages for his incarceration as a parole violator. The district court dismissed the damages claim against members of the parole board based on their absolute immunity. The court dismissed without prejudice Miller's claim that his parole violation conviction should be set aside based on Miller's failure to exhaust state remedies. We affirm.
 
 
 2
 Parole board members enjoy absolute immunity from damage claims arising out of the decision to revoke parole. See Pope v. Chew, 521 F.2d 400 (4th Cir.1975). To the extent Miller seeks to invalidate his parole violation conviction, his claim sounds in habeas and requires exhaustion of state court remedies. See Preiser v. Rodriquez, 411 U.S. 475 (1973). The materials before the Court do not establish that Miller has exhausted his various challenges to his parole revocation through the Virginia Supreme Court via a petition for habeas corpus relief.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively we dispense with oral argument and affirm the judgment below on the reasoning of the district court. Miller v. Murray, C/A No. 87-1037-AM (E.D.Va. Nov. 5, 1987).
 
 
 4
 AFFIRMED.